1

```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION
UNITED STATES OF AMERICA          ) Case No. 24 CR 236
                                  )
            v.                    )
                                  )
ARDARIES HARRIS, JORDAN FOX,      )
and ROOSEVELT VEAL,               ) Chicago, Illinois
                                  ) July 8, 2024
            Defendants.           ) 1:20 p.m.
```

                 TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
                   BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

```
For the Government:    MR. MORRIS O. PASQUAL
                       Acting United States Attorney
                       BY:  MS. EMILY VERMYLEN
                            MS. STEPHANIE STERN
                       219 South Dearborn Street, 5th Floor
                       Chicago, Illinois 60604


For the Defendant
Ardaries Harris:       GOTTREICH GRACE & LEVINSOHN
                       BY:  MR. MICHAEL LEVINSOHN
                       200 West Superior Street, Suite 210
                       Chicago, Illinois 60654


For the Defendant
Jordan Fox:            JOSHUA B. KUTNICK
                       ATTORNEY AT LAW
                       BY:  MR. JOSHUA B. KUTNICK
                       900 West Jackson Boulevard, 7E
                       Chicago, Illinois 60607
```

APPEARANCES:   (Continued)

For the Defendant
Roosevelt Veal:          MR. JOHN L. SULLIVAN
                         1420 Lehigh Avenue Suite B1
                         Glenview, Illinois 60026

Court Reporter:          BRENDA S. VARNEY, CSR, RMR, CRR
                         Official Court Reporter
                         219 South Dearborn Street, Suite 2144D
                         Chicago, Illinois 60604
                         (312) 554-8931
                         *brenda_varney@ilnd.uscourts.gov*

              * * * * * * * * * * * * * * * * * *
                 PROCEEDINGS RECORDED BY STENOTYPE
       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE COURT: Okay. It appears we might have everybody that we need for the next case. Laritza, do you believe we're still waiting on any counsel?

THE CLERK: Judge, I don't believe we have defense counsel for Harris on the line yet.

THE COURT: And I also don't see Mr. Harris on the line.

THE CLERK: Yes, Judge. I reached out to the marshals to see if they will be adding him in shortly.

THE COURT: So we'll just wait a minute or two to see if we can get everybody in line, particularly since I believe this is the first appearance in front of me. So for counsel and the parties who are waiting, just wait another minute or two to see if we get Mr. Harris and his counsel, and then we'll get started.

(Brief pause.)

THE COURT: Okay. Laritza, I don't think we've had the additional party join the line, but I do think we need to go ahead and get started, as we do have a 1:30 hearing in the courtroom. So, Laritza, why don't you go ahead and call the case.

THE CLERK: Yes, Judge. Calling case 24 CR 236, USA versus Ardaries Harris, Jordan Fox, and Roosevelt Veal, for a status.

4

MS. VERMYLEN: Good afternoon, Your Honor. Emily Vermylen and Stephanie Stern on behalf of the United States.

THE COURT: Okay. And then I believe it's Mr. Harris and his counsel that we are missing, so let me move to counsel for Mr. Fox.

MR. KUTNICK: Good morning -- good afternoon, Your Honor, rather, Judge. Joshua Kutnick, K-U-T-N-I-C-K, on behalf of Jordan Fox.

THE COURT: Thank you.

And, Mr. Fox, you're there?

DEFENDANT FOX: Yes, ma'am. How you doing today?

THE COURT: I'm doing well, Mr. Fox.

Now let's turn to Mr. Veal's counsel. Is that Mr. Sullivan? Do we have Mr. Sullivan on the line? Are you muted perhaps, Mr. Sullivan?

MR. SULLIVAN: Judge, I was muted. Sorry. John L. Sullivan on behalf of Mr. Veal who should be present on the line from the MCC.

THE COURT: Thank you.

Are you there, Mr. Veal?

DEFENDANT VEAL: Yes, ma'am. Yes, Your Honor.

THE COURT: Very good.

So I'm not sure why Mr. Harris and his counsel were not able to join us. We'll follow up with them separately. If need be, I'll have a separate status hearing with them and

get them back on the same track as everyone else.

This is the first status hearing in front of me in this case, as each of the defendants had their arraignment in front of the magistrate judge and have been detained.

Has the government provided all of the discovery material to counsel?

MS. VERMYLEN: Your Honor, Emily Vermylen.

We made an initial production. Discovery is voluminous in this case, Your Honor. We're investigating and continuing to investigate up to 50 robberies that we believe are associated with the defendants, and so we will be making further productions in the next month of cell phone data. And we have some DNA testing and other law enforcement reports to produce, but we have made an initial production.

THE COURT: I see.

(Fire alarm.)

THE COURT: My apologies. So that's the repeated announcement, so we should be good to go forward. I assume those of you on the phone were able to hear that we had an intercom announcement here in the building instructing us to stay where we are, so that is what we'll do and continue with the call.

I was about to check with defense counsel to confirm that there aren't any issues with the discovery thus far. I'll start with Mr. Kutnick.

MR. KUTNICK: Your Honor, I'm just reviewing it as of now, actually. No problems as of yet.

THE COURT: Are you in a position to say whether you expect to have any pretrial motions?

MR. KUTNICK: Oh, no, Your Honor. We have just barely begun to go through the production.

THE COURT: And, Mr. Kutnick, did your client have a detention hearing, or did he waive a hearing?

MR. KUTNICK: He had a detention hearing, Your Honor.

THE COURT: Okay. So to the extent there's any issue there that you are contemplating revisiting, the appropriate thing would be to preferably file a written motion and reach out to my courtroom deputy.

Mr. Sullivan, the same issues to you. Any concerns thus far with the discovery, and do you anticipate any pretrial motions?

MR. SULLIVAN: Judge, the original order from the magistrate indicated that discovery was due to us, like, June 8th or something. We didn't get it, and it was tendered for a second time by UPS overnight. We got it in last week, like Monday or Tuesday, and then the mailed copy arrived at my office on Friday. And I haven't had a chance to look it over yet.

I can't say, with the limited time I've had to see it, whether or not there's going to be issues and pretrial

motions.

THE COURT: Very well then. And similarly, did your client have a detention hearing, or did he waive the hearing?

MR. SULLIVAN: He had a detention hearing, Judge.

THE COURT: Okay. And, again, if there is any issue that you desire to have revisited there, my preference would be a written motion and a contact to my courtroom deputy so that we can schedule a hearing if that's needed.

And then I believe we did have somebody join the line. Laritza, is that from the MCC, or is that defense counsel?

THE CLERK: Judge, I believe it's --

MR. LEVINSOHN: This is Mike Levinsohn for Ardaries Harris.

THE COURT: Mr. Levinsohn, okay. And I don't believe we have Mr. Harris on the line. I'm not sure why. I did wait a few minutes for you, Counsel, but in the need to move things along, I pressed onward.

I have gotten a report from the government that they've made an initial production of discovery but expect to be producing more, as they have described the discovery as voluminous.

I was just in the process of asking your counterparts whether they have any issues with the discovery production thus far and whether they're in a position to say if they

expect to have any pretrial motions. Their answers were no real issues thus far, I guess, other than the slight delay in getting it to Mr. Sullivan. And, at this point, they don't know whether they will be filing any pretrial motions.

So I'll put those same questions to you. Have you received the discovery? Do you have any issues with what you've gotten so far? And do you expect to file any pretrial motions?

MR. LEVINSOHN: Well, I can acknowledge receipt of discovery. We've gotten, it looks like, eight -- we've got eight of these discs, eight DVDs, that I see in the file, and I think we're starting to print out some reports that are contained in there. And so, at this point, there are no issues. I don't know about any motions.

Maybe we should get a status date 30 to 45 days out if that's what the Court thinks would be appropriate. That's where we're at.

THE COURT: Yes. And your client also had a detention hearing; is that correct, Mr. Levinsohn?

MR. LEVINSOHN: That I don't know.

THE COURT: Okay.

MS. VERMYLEN: Your Honor --

THE COURT: Were you present for the arraignment?

MR. LEVINSOHN: This is the first -- it looks like he's at the MCC. This is the first time that we are appearing

for him.

THE COURT:  I see.

Okay.  So it sounds like all defense counsel have discovery to review before you can make any decisions.  Given what the government characterizes as the voluminous nature of the discovery, I would say 45 days is certainly a reasonable time frame.

If the parties wanted 60 days for an initial status, I'd be comfortable with that as well to make it more likely that you have an idea of how things are likely to proceed, but we can certainly set it for 45.

Also, for routine statuses, telephone hearings are perfectly acceptable to me.  I know sometimes that makes life easier for both counsel and the defendants.  If the parties would prefer in-person hearings, please do let me know.

Certainly any time I'm expecting to have argument or a more substantive discussion, particularly something where it's important for the defendants and their counsel to be in the same place, we'll go ahead and schedule that for an in-person hearing.

I would think the next hearing is something that could be held by telephone, but, again, if defense counsel prefer in-person, you can let me know.

So, with that said, does the government have a preference between 45 and 60 days for a next status date?

MS. VERMYLEN:  Your Honor, Emily Vermylen.

We would prefer 60 days to give us a little more time to get discovery in order and produced, but if defense counsel prefers 45, that's acceptable as well.

MR. LEVINSOHN:  Sixty days is fine.  I don't know.  Maybe that first week of September or the first or second week of September if that's available.

THE COURT:  Mr. Kutnick, does that timeframe work for you?

MR. KUTNICK:  That sounds just right, Your Honor.  I would even suggest maybe -- well, any day is fine that week.

THE COURT:  Okay.  Mr. Sullivan?

MR. SULLIVAN:  Judge, I believe you know my dislike for the Speedy Trial Act.  In terms of the dates picked, I'm not going to have any objection to the dates picked.  I am going to have an objection to any exclusion of time to keep my client in custody while the government investigates 50 more robberies.  That strikes me as unreasonable.

THE COURT:  And so you are raising an objection.  Of course, your client is indicted along with two co-defendants.

Are there any objections to the exclusion of time from the other defendants?

MR. LEVINSOHN:  No objection on behalf of Mr. Harris.

MR. KUTNICK:  No objection on behalf of Mr. Fox.

THE COURT:  Okay.  So let me start by finding a

status date in about 60 days.

Laritza, can you propose something?

THE CLERK: Yes, Judge. We can do September 6th at 9:45.

THE COURT: Okay. Are counsel all available then, and is the government seeking to exclude time until that date?

MS. VERMYLEN: Emily Vermylen, Your Honor.

Yes, we are seeking to exclude time in the interests of justice to allow the parties to review discovery, engage in any plea discussions, and file any pretrial motions.

THE COURT: Okay. And I've already heard from defense counsel. Mr. Sullivan is objecting to the exclusion of time. The other two defendants have no objection.

I find that time is properly excluded as to all three defendants as to Mr. Harris and Mr. Fox in the interests of justice to allow for adequate pretrial preparation, investigation, including the review of the voluminous discovery, and as to Mr. Veal because he is indicted along with two other defendants for whom time is properly excluded and that there's no apparent basis that he should be severed from them or tried separately.

I do also think the interests of justice at this point warrant that time to allow for the production of this voluminous evidence and to allow time for everybody to review it and prepare for trial, particularly the defendants.

Mr. Sullivan, if the case drags on for a long period of time and it appears that the government is seeking time to simply investigate other offenses, certainly there will be a point where that will be of greater concern, but for this initial 60-day period, I think time is properly excluded as to all three.

Mr. Sullivan, are you available on that proposed date?

MR. SULLIVAN: I am, Judge.

THE COURT: Mr. Kutnick?

MR. KUTNICK: Yes, Your Honor.

THE COURT: Mr. Levinsohn?

MR. LEVINSOHN: Yes, Judge.

THE COURT: Then we have a next date. Time is excluded. I'm setting it as a telephone hearing given that I expect it to be a routine status.

If any counsel prefers an in-person hearing, please notify my courtroom deputy sooner rather than later. As I said, I am amenable to in-person hearings but also appreciate that it's a lot of moving parts for what may be a relatively short status date.

Is there anything else from the government this afternoon?

MS. VERMYLEN: Yes, Your Honor. Just one matter.

The government would move for early return of trial

subpoenas on a reciprocal basis.

THE COURT: Okay. Is there any objection from defense counsel?

MR. LEVINSOHN: No objection by Harris.

MR. SULLIVAN: None by Veal.

MR. KUTNICK: None by Fox.

THE COURT: The motion is granted.

Anything else from the government?

MS. VERMYLEN: No, thank you, Your Honor.

THE COURT: Okay. Mr. Kutnick?

MR. KUTNICK: Nothing further, Your Honor. Thank you.

THE COURT: Mr. Levinsohn?

MR. LEVINSOHN: Nothing further. Thank you, Judge.

THE COURT: And Mr. Sullivan?

MR. SULLIVAN: Nothing further, Judge.

THE COURT: Very good. Thank you.

And, Mr. Levinsohn, I don't know why Mr. Harris was not available on the line today, but we'll follow up and make sure that for the next hearing, he is able to participate.

Thank you all for your time. Have a good day.

(Concluded at 1:41 p.m.)

*   *   *   *   *   *

14

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney*                    5/9/2025
Official Court Reporter