UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | |
| Plaintiff, | \| | |
| | \| | |
| v. | \| | No. 24 CR 236-3 |
| | \| | |
| ROOSEVELT VEAL, | \| | Judge Andrea R. Wood |
| Defendant. | \| | |

**DEFENDANT VEAL'S MOTION FOR SEVERANCE**

Defendant ROOSEVELT VEAL, by and through his appointed attorney John L. Sullivan, hereby moves for a severance from co-Defendant Xavier Harris on the charges in the Superseding Indictment in this case. In support of this Motion, Defendant Veal states as follows:

1. The Superseding Indictment contains, as did the original Indictment, a conspiracy Count One and substantive offenses that all occurred as part of that conspiracy between November 2023 and May 11, 2024. The original Indictment alleged a conspiracy and substantive violations through May 4, 2024 and did not name Xavier Harris as a co-defendant.

2. The gist of the evidence against Defendant Veal is contained in Paragraphs 17-18, 34-35 and 45-46 in the sworn Complaint filed against him on May 10, 2024 before the return of the original Indictment. See Doct.#1. That evidence consists of a Government Agent's claimed lay identification of Defendant Veal as the individual who yelled a few short commands during one robbery and some cellphone tower data showing Veal's cellphone being in the same cell area as the other defendants during one

1

or more but not all the robberies alleged in the original Indictment.

3.     Co-defendant Xavier Harris is an extended family member to co-Defendant Ardaries Harris and is charged in both the conspiracy Count One and in the substantive counts 18, 19, 20, 21, 22 and 23 of the Superseding Indictment.  Defendant Veal, who is also charged in the conspiracy Count One of the Superseding Indictment is not named in any of the substantive Counts 18 through 23 in which Xavier Harris is named.

4.     On April 10, 2025, the Prosecution moved to revoke the release order that a Magistrate had entered as to Co-defendant Xavier Harris. Doct.#112.  At that bond review hearing before this Court on March 14, 2025, co-defendant Xavier Harris appeared with and through his counsel.  The Prosecution proffered its evidence implicating Xavier Harris which was much more fairly direct and less circumstantial than the evidence known to implicate Defendant Veal.  In particular, the evidence alluded to at the bond review hearing indicated that:

a.     All three individuals involved in the robberies charged in Counts 18 through 23 were wearing masks.

b.     One of three individuals involved in the robberies charged in Counts 18 through 23, "used firearms to subdue bystander witnesses" towards the employees and patrons of the liquor stores robbed on those various dates, in particular threatening or striking the victims with the firearm he held in his hand.  See Finding, Doct.#116.

c.     During one robbery that same individual picked up and carried out of the liquor store two large, identifiable brand name liquor bottles.

d.     In a video obtained by the investigators taken in the basement of a residence

taken shortly after one of the robberies, Xavier Harris, Ardaries Harris and co-defendant Fox can be seen sitting without masks, wearing the same clothing as seen in the videotape of the latest robbery and heard discussing the "family 'business'". See Doct.#116. During their conversation, a variety of firearms, cash and other paraphernalia can be seen on the table between them. The two distinctive liquor bottles matching those stolen by the one robber can be seen near Xavier Harris' feet.

e.      The Prosecution also suggested during that bond review hearing that Co-defendant Xavier Harris is seen on videotape cleaning out the vehicle believed to have been used as the getaway vehicle from that robbery and carrying the two distinctive liquor bottles from the vehicle into the residence where the videotape was made shortly thereafter.

f.      A full description of the evidence against co-defendant Xavier Harris was detailed by the Prosecution during the bond review hearing on April 14, 2025. This Court found that the weight of the evidence against Xavier Harris was strong.

5.      In argument on his bond Motion, counsel for co-defendant Xavier Harris asserted that the video evidence from the three liquor store robberies (Counts 18 through 23) do not show Co-defendant Xavier Harris but it in fact shows Defendant Veal as the third robber hitting victims with his firearm, as Defendant Veal is of similar height and build to co-defendant Xavier Harris.

6.      Such a defense by co-defendant Xavier Harris at trial would be antagonistic to Defendant Veal's assertion of his innocence. In particular, not only is co-defendant Xavier Harris asserting that it is Veal in the videotaped robbery and not him, but also

asserting that Veal can be identified by his height and similar build, and that Veal can be identified because he is a co-robber in the other robberies charged in the indictment. Furthermore, Xavier Harris' assertion also suggests that Xavier Harris, by virtue of his familial relationship with Ardaries Harris he has "inside" information, i.e., other "evidence" that Veal is the robber and not Xavier. Furthermore, claiming Veal is or maybe the third robber, the violent one in the videotapes, adds a level or prejudice against violence against Defendant Veal that is not present in any of the videotapes of the robberies in which Defendant Veal is charged.

7.     Joinder is governed by Rule 8(b) of the Federal Rules of Criminal Procedure which provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 14 permits the court to grant a severance "if it appears a defendant or the government is prejudiced by the joinder." Antagonistic defenses between co-defendants can serve as a basis for a severance of joined defendants but such a severance is not automatic or required as a matter of law. As the Supreme Court said in *Zafiro v. United States*, 506 U.S. 534, 541 (1993), "Rule 14 leaves the determination of risk and any remedy to the sound discretion of the district courts." Severance between co-defendants can be one remedy; severance of counts another. Jury instructions can also effectively deal with the potential for prejudice in some instances. *Id.* But jury instructions won't solve the joinder problems between Veal and Xavier Harris.

8.     The Superseding Indictment adding Xavier Harris to the conspiracy creates

a variety of problems for joinder of Xavier to the trial of Veal. There may be multiple ways to "sever" Xavier Harris from the trial of Defendant Veal: one by splitting Veal off for his own trial on all the charges (Veal is not charged in the robberies charged in Counts 18 through 23 on various May 2024 dates); or another by splitting Xavier and the allegations contained in Counts 18 through 23 of the Superseding Indictment from all the other allegations and counts of the Superseding Indictment. Regardless of how it is accomplished, if Xavier Harris goes to trial on Counts 18 through 23 and Defendant Veal is part of that trial, the prejudice from Xavier asserting that it is NOT Xavier but the similarly sized and built Roosevelt in the videotapes of those robberies is clearly and irrevocably prejudicial to Defendant Veal's ability to obtain a fair trial and present his defense.

WHEREFORE, Defendant Veal moves this Court to consider granting him a severance either of parties or counts (which would be both parties and counts of the Superseding Indictment) and set Veal's case for trial at the earliest possible date on or after October 1, 2025.

Respectfully submitted,

*John L. Sullivan*

John L. Sullivan
Appointed Counsel for Defendant Veal

Date:  30 June 2025

John L. Sullivan
Appointed Counsel for Defendant Veal
1420 Lehigh Ave #B1

5

Glenview, IL 60026
sullivanljohn@yahoo.com
312-406-5566

CERTIFICATE OF SERVICE

The undersigned does hereby certify that, at the approximate time of electronic filing, service of this

**DEFENDANT VEAL'S MOTION FOR SEVERANCE**

was accomplished upon attorneys for all opposing parties pursuant to ECF as to all Filing Users and complied with Local Rule L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

*John L. Sullivan*

John L. Sullivan
Appointed Counsel for Defendant Veal
1420 Lehigh Ave #B1
Glenview, IL 60026
sullivanljohn@yahoo.com
312-406-5566