United States District Court

Northern District

United States of America

Case No. 24CR 236

v.

Roosevelt Veal

Motion to suppress All CISi Historical Location Data, call details and any or All evidence obtained from this warrent in violation of the Fourth Amend

Now comes Roosevelt Veal requesting this Honorable Court to grant this motion to suppress the Nov 14, 2024 warrant for call detail records and Historical cell site location information. for the cellphone Number 773-993-7848 and any or all evidence obtained from that warrant in violation of the Fourth Amendment.

Background: On May 11, 2024 law enforcement officers executing the arrest warrant of Veal observed Veal driving a 2003 gray Honda Odyssey bearing Illinois Registration "EH 74710" (The Honda Odyssey) in the area of the "fast fuel" gas station at 3439 North Main Street in Rockford, Illinois. Veal exited the drivers door of the Honda Odyssey and was placed into custody. As law enforcement was placing Veal into custody law enforcement observed Veal holding a black Apple Iphone (subject phone) in his hand and then drop it on the ground; law enforcement recorded subject phone from the ground near where Veal was standing. Law Enforcement searched Subject Phone pursuant to the search warrant. See in the matter of the search of: The black cellular telephone. Further described in Attachment A, case No. 24M 395 (May 22 2024) (Cole J.) (Under seal). According to the search warrant returns subject 8 is associated with the phone number (773-993-7848) the cell number assigned to Subject 8 According to records from AT&T subject 8 was activated March 8, 2024, was active as

of June 6, 2024 and is subsribed to Dish Wireless LLC. Furthermore, on March 10, 2024 Jordan Fox, Roosevelt Veal and Adaries Harris were charged by complaint with the January 15, 2024 armed robberies of 3 chicago area liquor stores in violation of 18 U.S.C. 1951(A) and 18 U.S.C. 924(C). See (United States v. Harris et al, 24 CR 236 DKT1) on May 20th, 2024 a Grand Jury returned an indictment against Fox, Veal and Harris charged them with 1 count of Robbery Conspiracy (Count 1) (Count 2,4 and 6) 3 counts of Robbery and (Count 3,5, and 7) 3 counts brandishing a firearm during and in relation to these robberies. (Id at DKT. 24.) An in the begging of 2025, defendant Veal was superseded, indicted and charge with an additional 2 robberies that occured May 3 2024 and May 4 2024. On or about Nov 14, 2024 Agent Fitzgerald obtained a search warrant for information associated with certain cellular telephones assigned call number (773-993-7848) (Subject Phone 8) that is stored at premise controlled by AT&T (provider) a wireless telephone service provider headquarters at 11760 U.S. Highway 1, North Palm Beach, Florida. 33408. The agent obtained the warrant under 18 U.S.C. 2703(C)(1)(A) which requires Tmobile to disclose information, including cell site location data for the Subject Phone 8 number, which is (773-993-7848) for the time period/record for May 1, 2024 through May 18, 2024.

Main Argument: The affidavit did not establish probable cause, the affidavit did not establish a nexus between the places to be searched and the things to be seized, with the criminal activity. Affidavit is Barebones, the issues is very blatant that the issuing magistrate abandoned their role to determine if there was actually probable cause for the defendant and acted solely as a rubber stamp, the warrant was not particular. Furthermore, in United States v. Carpenter the government acquired the cell numbers cell site records pursuant to a court order issued under the stored communication act, which the government to show "reasonable ground" for believing that the records were "relevant and material to an on-going investigation. 18 U.S.C § 2703(d)". That showing falls well short of the

probable cause required for a warrant." (Carpenter, 138 S.Ct. 2221) under the standard in the stored communications act. However, law enforcement need only show that the cell site evidence might be pertinent to an on-going investigation. (which is consistent with the Nov 14, 2024 affidavit we discuss," the showing falls well short of probable cause required for a warrant.") However, "the supreme court in Carpenter v. United States 138 S.Ct 2206 (2018), holding," that an order issued under section 2703(d) of the Act is not a permissible mechanism for accessing historical call site records, "instead requiring a warrant supported by probable cause." Id at 2221.

## Probable Cause did not exist in the Affidavit

Therefore, probable cause is the whole set of facts and conditions that form a reasonable basis for a officer or agent to suspect a crime has been committed an that person committed it. "The police or prosecution must demostrate to a judge the basis of the probable cause to believe A [specific] crime was committed by the person the warrant is pertaining. (Bringar v. U.S. 338 u.s. 160, 195 (1949) Id at 175. Here, the specific crimes are the May 3, 2024 Gladstone food mart and May 4, 2024 Irish Nobleman Pub Robberies. With that being said "A warrant is supported by probable cause if the totality of the circumstance demostrate a fair probabilty that contraband or evidence of a crime will be found in a particular place. (Illinois v. Gates 467 us 213, 238 (1953) Therefore, in this matter in order to create a fair probabilty, the executing officer must demostrate from facts, why he believe Mr. Veal was allegedly 1 of the robbers of the two robberies that occurred May 3, 2024 connecting the defendant to these crimes from facts. Not facts that the agent 100% knows the defendant committed the crimes, but facts as to why the agent believes the defendant did the crimes. Furthermore, the agent make one conclusory statement on page 12 in the affidavit, the affiant states, "Based on my review of video survelience from the Irish Nobleman robbery, the voices of 2 of the robbers resemble the voices

of Veal and Fox." That statement alone holds nor offers any basis supporting the issue of probable cause, conclusory statements by the affiant are insufficient because they give the magistrate virtually no basis at all for making judgement regarding probable cause." A magistrate cannot merely ratify the conclusions of the affiant." (Illinois v. Gates 462 U.S. 213 At 231) An that is the only allegation pertaining the defendent and the 2 May robberies the defendant is charged with. Moreover, the affiant doesn't even attempt to establish probable cause for believing that the defendant committed the specific crimes that occured May 3rd and May 4th. "The command to search can never include more than is covered by the showing of probable cause to search. (United States v. Hinton 219 F.2d 324 (7th cir. 1955) Id At [318 F.2d 325] An as wee see in the affidavit theres absolutely no probable cause. Thereby, defendant contends the collection of his Historical CSLI for the 773.993.7848 telephone number, without a valid warrant constitutes a search violation of the Fourth Amendment. (United States v. Carpenter 138 S.CT Id At 2220) Furthermore the Supreme court has already established that a defendant does indeed, have a reasonable expectation of privacy in cell site location records and the executing officer must have a warrant supported by probable cause. (Carpenter 138 s.ct 2219) However, just because someone is a suspect does not constitute probable cause. The Supreme court addressed this issue in (United States v. Nathanson 290 u.s. 41,54 s.ct. 11,18 L.Ed. 157) "Mere supicion or belief without adequate supporting facts is not enough under the Fourth Amendment. and officers may not issue a warrant unless he can find probable cause from facts". Nathanson Id 290 u.s. At 47 54 s.ct. At 13. Here we face the same issue the affiant states that a fully masked man with a hoody on voice sounds similar to Veals voice, which is a far cry from probable cause and the agents personal opinion. The agent does not produce one fact connecting the defendant to the crimes. An affidavit supporting an application for Historical Csli records must demonstrate probable cause to believe that a particularly described offense has been, is being or

is about to be committed." (Commonwealth v. Estabrook 472 Mass. 852, 816 (2015) which is clearly contrary to this matter.

The affidavit did not create a nexus between the places to be searched, things to be seized and the criminal activity

Furthermore, "There must be a nexus between the place to search and the criminal activity. (United States v. Burkhalter, 18-00036 01-CR-13CW (W.D. MO. March 27, 2023 Id at 9) (United States v. Brown 828 F.3d 375, 382 (6th Cir. 2011) Id at [868 F.3d 382] Theres absolutely no nexus between the defendant and the 2 May robberies or between the phone and the crimes." The affidavit in support of a phone search warrant application must demostrate a nexus between the crimes. [for which there is probable cause to search] And the items sought and the location to be searched." (Commonwealth v. Alexis 481 Mass. 91, 102 (2018) (Commonwealth v. White 475 Mass. 58359 N.E. 3d 369 (Mass. 2016) An as we see within the four corners of the affidavit the agent doesnt even attempt to create a nexus between the defendant and the 2 robberies. Therefore, "it is not enough for the affidavit to simply state that the owner of the property is suspected of a crime." (United States v. Wilhere 89. F.supp. 3d 95 (E.D. KY. 2015) Id at [89 F. supp. 3d 919] Moreover, in order for agents to establish a nexus between the defendant and the crime the affiant must show a far probability that the defendant can be linked to the crime. (Illinois v. Gates 462 U.S. 213, 230 (1983) Id at    . Again as we see in the affidavit the agent doesnt attempt to connect the defendant to the crimes, other than the mere one conclusory statement (located on page 12) that the robber of one of the 2 robberies voice sounds similar to Veals voice. An again as the supreme court tells us in Nathanson, 290 U.S. 41, 54 S.CT 11, 78. "An affidavit must provide the magistrate with a substantial basis for determining the existence of Probable Cause, and the

wholly conclusory statement at issue in Nathanson fails to meet this requirement." As in Nathanson, that statement by the agent on page 12 paragraph 26 is a mere conclusory statement.

## The Affidavit is Barebones

This affidavit is barebones because "it only contains suspicion or vaquely conclusions without attempting to demostrate why and providing some factual circumstances regarding veracity, reliability and basis of knowledge. (Citing United States v. Weaver, 99 F. 3d. 1372, 1378 (6th Cir 1996) (Wilhere 89 F. supp. 3d 915 Id at [89 F. supp 3d 920] (United States v. Sanders, 106 F. 4th 455 (6th Cir. 2024). Pertaining the defendants the affidavit only consist of speculation, which is prohibited by the fourth Amendment. (United States v. Finch, 988 F. 3d Id at 352)."A conclusory affidavit is one which contains only the affiants beliefs that probable cause existed. Finch 988 F.3d Id at 352. Which is exactly what this affidavit is. the agent only speaks from his personal belief that the robber of the Irish Nobleman Pub voice sounds similar to Veals voice which is prepostorous. Furthermore, the United Affiant does not even attempt to produce any facts pertaining the defendant linking him to the alleged crimes, nor does he produce another allegation as to why he believes the Defendant committed the crime. The affidavit is completely devoid of any nexus or probable cause for the defendants csli from May 1, 2024 - May 18, 2024 There is absolutely no reasonable belief in the existence that the agent established probable cause for the information sought." The affidavit supporting the search warrant must demostrate a nexus between the residence and the evidence of criminal activity must be [specific and concrete not vaque or generalized] (United States v. Brown F.3d 375, 382 (6th Cir. 2016) Id at [828 F.3d 381-382]. Which is almost identical to the situation here, the attempted nexus is not concrete, it is overly vaque and generlized and is not a fact.

Therefore, if the government and magistrate is operating out of known constitutional precendent of the Fourth Amendment, I find it impossible for this affidavit to have met the requirement for probable cause and a nexus from one naked assumption by the affiant. Recognizing bare bones affidavits as those that nakedly assume or vaguely conclude without attempting to demostrate why (United States v. Sanders, 106 F. 4th 455 (6th Cir. 2024) The agent had no more than a hunch," we thus bestow the moniker of "bare bones" only on those affidavits that consist of no more than a hunch that evidence might be found at location. Id at 1097-98. The affiant had no personal knowledge of the robbery neither does he have an informant, or anonymous tip which means the agent only had his suspicion only. Furthermore, identifying the affidavits in Nathanson 290 U.S. 41 (1933) and Aguilar v. Texas, 378 U.S. 108 (1914) as bare bones affidavits because they each contained only an officers belief that probable cause existed without providing details. An this affidavit we discuss here is far more worse, for the reason being the agent didnt have multiple allegations pertaining the defendant and the crime The agent had "1" allegation and it wasn't even a fact but a guess. Therefore, as in Aguilar, 378 U.S. 108 At 102, this affidavit, "does not provide any basis for the commissioners determination that probable cause existed. The affidavit contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained it does not indicate any sources for the complaints belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. "We look only at the information contained within the four corners of the affidavit and line by line scrunity of the underlying affidavit is improper (United States v. Hines 885 F. 3d 919, 923 (6th Cir. 2018)

The magistrate failed to perform their role as neutral and detached to determine if their was probable cause for the defendant and acted soley as a rubber stamp.

Furthermore, the warrant was invalid because the magistrates probable cause determination reflected an improper analysis of the totality of the circumstances Illinois v. Gates, supp. 462 U.S. At 238-239, 103 S.C.T At 2332-2333. For starters the magistrate was not provided with a substantial basis pertaining the defendant and the crimes for determining the existence of probable cause. (Gates 462 U.S. At 239) The affiant provided the magistrate one general assumption, that the masked robber who is all the way by the door on the other side of the room and the audio/video camera voice sounds similar to Veals voice. An that general assumption means to find probable cause is egregious. The affidavit does not provide enough allegations let alone facts pertaining the defendant, to even amount to probable cause to obtain a search warrant. Furthermore, "sufficient information must be presented to the magistrate to allow that official to determine probable cause, his actions cannot be a mere ratification of bare conclusions of others. (Aquilar v. Texas, 378 U.S. At 114-115) Therefore the magistrate failed to carefully read the affidavit pertaining the defendant which was not alot. The magistrates job was to diligently go over the affidavit and determine wheather the affidavit established probable cause for the defendants Historical Csli from May 1, 2024 - May 18, 2024. An again as we see in the affidavit the Judge had nothing infront of him pertaining Veal to make a practical common-sense determination of probable cause. The Judge did not question the mere suspicion or conclusory statement made by the agent. The Judge may have been misled by the allegation made pertaining the Oct 14, 2023 robberies which mean he did not carefully read the affidavit because page 85 paragraph 143 it states "subject 8 was activated on [March 8, 2024] was active as June 6, 2024, which is 5 months After the Oct 14 robberies and it clearly state the phone was not activated until [March 8, 2024] so the phone clearly had nothing to do with those robberies that occured Oct 14, 2024. Theres no nexus between the Oct 14, 2023 robberies and the May 3rd and 4th robberies. Defendant is not charged with those robberies. The robbers did not wear the same clothes, shoes etc. stating that the robbers used the same modus

operandi is another general means to find probable cause. The allegations made about the robbers "generally operated in groups of 2 and 4 individuals", the robbers frequently used semi automatic firearms". The robbers entered the liquor stores or convenience store with their weapons drawn". And etc is nothing different from all the other robberies through out Chicago or America. An as stated in United States v Sexton, 2F.3d 218, 219 (7th cir. 1993) "crimes are not related because they have the same modus operandi. (Sexton Id at 218, 219) Furthermore, on page 78 where the affiant goes into detail pertaining the May 3rd robbery and the statment is completely devoid of defendants Veal he is not identified or even mentioned. On page 79 which is the details pertaining the May 4th robbery and again defendant Veal is not mentioned one time which proves that the issuing Judge did not purport their role to determine wheather their was probable cause for the defendant and acted soley as a rubber stamp. Also it proves that the Judge was not given a substantial basis to determine probable cause or that the agent ommitted material.

<u>Affidavit was not specific or particular to the justifacation of Probable Cause.</u>

Furthermore, the agents had the specific dates and specific times of the alleged robberies, but instead of being sufficiently particular and requesting specific times and dates. The agent mapped the defendant cellphone for 18 days not his particular movements (Carpenter 138 s.ct. id At 2217) Thereby, providing the agents an all emcompassing record of the defendants whereabouts. Failing the Fourth Amendment particular requirements (United States v. Brown, 828 F.3d 375, 382 (6th cir 2016) id at [828 F.3d 382] However, just because the affiant ask for Historical CSLi from May 1 2024 - May 18. 2024 does not make it particular, it makes it broad and Allows the executing officer to go on an fishing expedition and a general rummage through the defendants private movements. The affiant should have limited the search

to [specific] times and [dates] where their was probable cause to search (which is actually no dates because the affiant didnt even establish probable cause period) "The authorization to search for any evidence irrelevant to the time frame where probable cause was established is rummaging. U.S. v. Hurwitz, 459 F.3d 463 (4th Cir, 2006) (U.S. v. Fritzinger, 4:20-cr-81-m (E.d.N.C. July 10, 2024) id at 6. Therefore, by limiting the authorization to search specific areas and things for which there is probable cause to search. The Fourth Amendment ensures that the search will carefully be tailored to its justification and will not take on the character of the wide range    exploratory searches the framers intended to prohibit. (Maryland v. Garrison, 480 U.S. 79,84 (1987) "Failure to reasonably limit the scope of the authorized search to specific areas and things for which probable cause exist amounts to impermissible overbreadth. See (Hurwitz 459 F.3d 463 (4th Cir 2006) (Manaford, 323 F.supp 3d 795, 801) Therefore, the search of the defendants location data exceeds the probably cause and the search was not tailored at all. Furthermore, when the government accessed CSLi from the wireless carriers it happened to invade Veals Reasonable Expectation of privacy in the whole of his physical movements captured by CSLi cell site location information and thus, law enforcement must secure a warrant supported by probable cause. (Carpenter, 138 S.CT at 2211, 2227) Also the officer described what was to be searched but failed to describe what was to be seized from the searched data (specific times and dates) failing the requiring particularity law and creating a general exploratory rummaging which is prohibited by the particularity requirement. (United States v. Shrom, 59 F.4th 968, 973 (4th Cir 2023) (United States v. Sigillito, 759 F.3d 913, 923 (8th Cir, 2014) However, the affiant has the ability to be specific and particular but chose not too.

Agent acted with reckless disregard for the truth accordingly, an affiant acted with reckless disregard for the truth where he in fact entertained serious doubts as to the truth of his allegations (U.S. v. A Residence located

At 218 Third Street, New Glarus, Wis., 805 F.2d 256 (7th Cir. 1986) Id at 258. Quoting (St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed. 2d 262 (1968) Also, Reckless disregard for the truth may also be proved inferential from circumstance evincing obvious reason to doubt the veracity of the allegations. (United States v. Williams, 737 F.2d 594, 602 (7th Cir. 1984) With that being said the affiant had no personal knowledge or veracity pertaining the two May robberies pertaining the defendant and the obvious reason to doubt the agents veracity of allegations is that he made only one which was not a fact but an opinion. Without providing any underlying factual circumstances regarding veracity, reliability and basis of knowledge, meaning if the affiant only made one conclusory allegation through out the whole affidavit pertaining the defendant. He entertained serious doubts acting with reckless disregard to the truth (Williams, 737 F.2d At 602.) because if he had more allegation he would have presented them in the affidavit but he still decided to act reckless with disregard to the truth by executing the warrant knowing that he did not have total disregard to the defendants constitutional scrunity of unreasonable search and seizures. And complete disregard to his oath to honor the constitutional values - the necessity of demonstrating probable cause for a search warrant to be issued. Now any police conduct that evidence a deliberate, reckless or grossly negligent disregard for the Fourth Amendment rights may outweigh the resulting cost. (United States v. Herring 555 U.S. At 144, 128 S.Ct. 695. which is exactly what the agent did he acted deliberately or with reckless disregard to the Fourth Amendment to further his own agenda.

### Leons Good Faith Does Not Apply

Therefore, Defendant contends that the search warrant is invalid and any evidence from this unlawfully obtained warrant must be suppressed for fruit up the poisonous tree" (People of the state of Colorado v. Schrader 898 P.22 33, 37 (Colo. 1995) However, Leons good faith cannot protect the agents behavior of of encroachment that is prohibited by the Fourth Amendment. The affidavit was so

deficient and the agent acted deliberately or with reckless disregard for the truth in preparing the affidavit and could not have harbored on objectively reasonable belief in the existence of probable cause.(United States v. Reinholz 243 F.3d 765, 714(8th Cir.534 U.S. 896(2001) Moreover, evidence collected pursuant to a warrant based on faulty probable cause determination is subjected to the exclusionary rule(Map v. Otlio 367 U.S. 643(1961) If the government didn't produce any facts and only made one allegation which was very minimize and actually an opinion unsupported by any facts. Throughout the whole affidavit pertaining the crime in sought of evidence. He could not have even assume he established probable cause, it's impossible as mentioned earlier in this motion the agent did not present enough allegation let alone facts for a judge to make a determination of probable cause. Therefore, defendant contends the affidavit is deficient and barebones to be considered bare bones an affidavit must be so lacking in indicia of probable cause to make an officers belief in it's existence ojectively unreasonable(United States v. Laughton, 409 P. 3d 744,748(6th Cir. 2005) (U.S. v. Curry, 538 F. 3d 718 (7th Cir. 2008) Id at [538 F. 3d 729], furthermore the good faith does not apply because the agent could not have harbored an objectively reasonable belief in the existance of probable cause. For the reason being (one - the affidavit lacked probable cause tremendously lacked a sufficient nexus (two - the agent had no personal knowledge of the crime linking the defendant to the alleged robbery, no informant, no witness, no tipster (three - affidavit lacked any reference to the instrumentality of the crime and the defendant. So as the court see the agent act of insubordination cannot be justified.

I respectfully ask this Honorable court to suppress any and all evidence obtained from this warrant, and I respectfully ask this Honorable court for a franks hearing.