**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:**24-CR-00236-2** |
| | ) | |
| **JORDAN FOX,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MOTION TO SUPPRESS FIREARM</u>**

NOW COMES the Defendant, **JORDAN FOX**, by his attorney ARI WILLIAMS, and moves this Honorable Court to suppress the firearm obtained after the warrant was issued from introduction into evidence.

1.     The Government alleges that **JORDAN FOX** and multiple of his co-defendants participated in a series of robberies occurring between approximately late 2023 and May 2024. Indictment at pgs. 1-5, attached as Ex. A. The Government alleges these incidents were part of a coordinated pattern involving various individuals, locations, and methods. *Id*. The discovery materials reference both charged and uncharged incidents during 2023 to 2024. Aff. & Appl. for Search Warrant at pg. 16 (Apr. 2024) (N.D. Ill.), attached as Ex. B. The Government is relying on similarities in clothing and voice, Mr. Fox's YouTube videos with his co-defendants, and Mr. Fox's alleged associations with co-defendants to support their theory that Mr. Fox was involved in a broader pattern of robberies, including incidents for which he is not directly charged. *Id*. at pgs. 40-45.

2.     On May 11, 2025, a joint operation arrest between Area 5 Teams 5542, 5543 and the Bureau of Alcohol Tobacco and Firearms arrested Mr. Fox on an active Federal arrest warrant for Armed

1

Robbery at 440 E 87th Pl Chicago, IL after being involved in a motor vehicle crash with an unmarked Chicago Police vehicle. Arrest Report at pg. 1-3 (5/11/24) (on file with N.D. Ill.), attached as Ex. C. Mr. Fox was observed to exit his vehicle and drop to the ground a loaded Glock semi-auto pistol and fled on foot. After the joint operation seized him, without further incident, Mr. Fox was transported to Area 5 to be interviewed. *Id*. During the Grand Jury Trial on March 2025, the Government alleges that this firearm is connected to certain prior incidents. The Government also relies on cell site location information, surveillance footage, and social media content as part of its investigation. Ex. B at pgs. 40-54.

## **ARGUMENT**

3.       The Fourth Amendment protects against unreasonable searches and seizures and requires that warrants be supported by probable cause and describe with particularity the place to be searched and the items to be seized. U.S. Const. amend. IV; *Katz v. United States*, 389 U.S. 347, 357 (1967). Even where a warrant has been issued, suppression is required where the warrant lacks probable cause, fails to establish a sufficient nexus to the alleged criminal activity, or is overbroad in scope. *United States v. Griffith*, 867 F.3d 1265, 1271–72 (7th Cir. 2017). While evidence obtained pursuant to a warrant may, in some circumstances, be admissible under the good-faith exception, that exception does not apply where the warrant is so lacking in probable cause or so overbroad that reliance on it is objectively unreasonable. *United States v. Leon*, 468 U.S. 897, 923 (1984). Here, the warrants were unsupported by particularized facts at the time of issuance and the Government later relied on the recovery of a firearm to supply a nexus not established in the affidavits, and the Government's reliance on the firearm found after the fact is an improper attempt to supply probable cause that did not exist at the time of issuance.

**a. The warrants were not supported by probable cause at the time of issuance, and the government impermissibly relies on after-acquired evidence.**

4.      A warrant must be supported by probable cause at the time it is issued, based solely on the information contained within the four corners of the supporting affidavit. *Whiteley v. Warden*, 401 U.S. 560, 565 n.8 (1971). Courts may not uphold a warrant based on evidence discovered after its issuance. *Id.*; see also *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003) (probable cause must be assessed based on the information presented to the magistrate at the time of the warrant application). Probable cause requires a fair probability that the individual committed the offense based on particularized facts, not generalized suspicion. *Illinois v. Gates*, 462 U.S. 213, 244 (1983). The Seventh Circuit has further made clear that a person's proximity to others or association with suspected individuals, standing alone, is insufficient to establish probable cause. *United States v. Brown*, 732 F.3d 569, 573 (7th Cir. 2013). Taken together, these cases establish three governing principles: (1) probable cause must be supported by particularized facts linking the defendant to the alleged criminal activity at the time of issuance; (2) a deficient warrant cannot be rehabilitated through after-acquired evidence; and (3) generalized suspicion based on association or proximity is insufficient as a matter of law. *Id.*; *Whiteley*, 401 U.S. at 565; *Peck*, 317 F.3d at 756.

5.      Here, the warrant applications fail to provide particularized facts linking Mr. Fox to the alleged criminal activity, instead relying on generalized suspicion based on association and proximity, and the Government is attempting to cure these deficiencies through after-acquired evidence. At the time law enforcement sought to obtain the warrants for Mr. Fox's cell-site

3

location information and digital content, the Government did not possess the firearm that it now relies upon as a central link connecting Mr. Fox to the alleged robberies. Ex. D at pgs. 13; Ex. B at pgs. 40-55. The warrant applications relied on generalized inferences rather than particularized facts linking Mr. Fox to any specific robbery. *Id*. Law enforcement pointed to CSLI data placing Mr. Fox's phone in the general vicinity of certain locations, social media content depicting him in everyday settings, and his associations with individuals from the same neighborhood. *Id*. But proximity, shared environments, and social relationships do not establish probable cause. *Brown*, 732 F.3d at 573. Nor do generic clothing similarities or uncharged incidents provide a particularized nexus to criminal activity. *Id*. The facts of this case taken together amount to nothing more than generalized suspicion. None of these facts placed Mr. Fox at the scene of a robbery, identified him as a participant, or established a nexus between him and the alleged offenses. At the time the warrant was issued, law enforcement lacked any physical evidence, eyewitness identification, or distinctive characteristics linking Mr. Fox to the crimes. The Government lacked any individualized evidence connecting Mr. Fox to the alleged robberies. Ex. B at pgs. 40-55.

6.      Under the totality-of-the-circumstances framework articulated in *Illinois v. Gates*, probable cause exists only where the facts presented to the magistrate establish a fair probability that the individual committed the offense. *Gates*, 462 U.S. at 244. Here, the totality of the circumstances presented in the warrant applications did not establish such a fair probability. The Government relied on CSLI placing Mr. Fox's phone in the general vicinity of locations within Chicago, social media posts depicting non-criminal activity, and Mr. Fox's association with

individuals from the same neighborhood. None of these facts, either individually or collectively, tied Mr. Fox to the planning or execution of any robbery. The CSLI data reflected only generalized proximity within a dense urban area, the social media posts depicted everyday conduct, and the associations reflected lawful social relationships. Even considered together, these circumstances amount to generalized suspicion rather than a fair probability of criminal involvement. Under Gates, the totality of these non-particularized facts fails to establish probable cause.

7. It was only after Mr. Fox's arrest that law enforcement recovered a firearm, which the Government now uses to connect him to multiple incidents spanning several months. Ex. D at pg. 13. The Government's theory depends on using evidence obtained after the warrants were issued to strengthen the connection between Mr. Fox and the alleged robberies, but probable cause must be assessed based solely on the information presented to the magistrate at the time of issuance, and later acquired evidence cannot cure a deficient warrant. *Whiteley*, 401 U.S. at 565; *Peck*, 317 F.3d at 756.

8. This case mirrors *United States v. Peck*, where the Government relied on a warrant unsupported by sufficient facts at the time of issuance and later attempted to justify the search with information developed after the fact. *Id*. The Seventh Circuit rejected that approach, holding that probable cause must be evaluated based solely on what was presented to the magistrate and cannot be retroactively supplied. *Id*. Likewise, in *Whiteley v. Warden*, the Supreme Court held that a deficient affidavit cannot be cured by after-acquired evidence. *Whiteley*, 401 U.S. at 565.

9. Furthermore, the Government cannot rely on the good-faith exception to salvage the warrants because exception does not apply where a warrant is so lacking in probable cause that official reliance on it is objectively unreasonable. *Leon*, 468 U.S. at 923. Since the warrants were issued before the firearm was recovered, and because the information available at the time consisted only of generalized proximity, social media content, and association, the warrants lacked a sufficient factual basis to establish probable cause. U.S. Const. amend IV. The Government's reliance on the later recovery of the firearm emphasizes the absence of a particularized nexus at the time the warrants were issued and represents an improper attempt by the Government to rehabilitate a deficient warrant. Accordingly, suppression of the firearm is the appropriate remedy.

**b. The Government's use of the firearm to link Mr. Fox to multiple incidents exceeds the scope of the probable cause underlying the warrants.**

10. Even where a warrant is valid, the Government's use of seized evidence must remain tied to the probable cause that justified the search. *United States v. Mann*, 592 F.3d 779, 782 (7th Cir. 2010). In *Mann*, law enforcement obtained a warrant to search for a computer for evidence related to a specific offense but accessed files beyond the scope of the probable cause articulated in the warrant application. *Id.* at 781–82. The Seventh Circuit emphasized that the Fourth Amendment does not permit the Government to expand its use of evidence beyond the scope of what was originally justified by probable cause. *Id.* at 782. Accordingly, even when evidence is lawfully obtained, its use must remain tethered to the particularized probable cause underlying the warrant. *Id*.

6

11.     Here, the firearm was recovered at the time of Mr. Fox's arrest and is now being used not merely as evidence related to that arrest, but as a basis to connect him to numerous prior robberies spanning several months. Ex. D at pg. 13. The use of this firearm represents a significant expansion beyond the probable cause underlying the original warrant application. The warrants did not rely on the firearm at the time they were issued and did not establish any nexus between Mr. Fox and the alleged robberies based on possession of a firearm. Ex. B at pgs. 40–55. Additionally, the mere recovery of a firearm at the time of arrest establishes only that Mr. Fox possessed the firearm on that day. The Government offers no evidence regarding when Mr. Fox obtained the firearm, how long he possessed it, or that he had it on his person during the alleged robberies. Without a factual nexus linking the firearm to the prior incidents, the Government's theory rests solely on speculation rather than particularized facts. See *United States v. Brown*, 732 F.3d 569, 573 (7th Cir. 2013) (probable cause requires individualized evidence, not generalized inference). The firearm recovered at the time of Mr. Fox's arrest does not clearly establish a nexus to connect Mr. Fox to any earlier offenses, and the Government may not rely on such speculation to expand the scope of its probable cause. *Mann*, 592 F.3d at 782.

12.     By using the firearm to link Mr. Fox to multiple incidents, the Government will expand its scope of the warrants beyond their constitutional limits because their original warrant applications did not mention the firearm. The Fourth Amendment requires that searches and seizures remain tethered to the specific probable cause that justified them. U.S. Const. amend. IV. Since the firearm is being used to support allegations that were not supported by probable cause at the time of issuance, its evidentiary use exceeds the permissible scope of the warrants and suppression is warranted. *Mann*, 592 F.3d at 782.

**Prayer for Relief**

**WHEREFORE,** Defendant respectfully moves this Honorable Court to suppress the following from introduction into evidence:

A.   Suppress the firearm recovered at the time of arrest to the extent the Government seeks to use it as a derivative evidence.


Respectfully submitted,

/s/ Ari Williams

ARI WILLIAMS
Attorney for **JORDAN FOX**


**ARI WILLIAMS LAW, LLC**
**Cook County Bar #64060**
2150 S. Canalport Ave
Chicago, IL 60608
ari@ariwilliams.com
Phone: (312) 504-7640

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. **1:24-CR-00236-2** |
| | ) | |
| **JORDAN FOX,** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

**PLEASE TAKE NOTICE** that on April 10, 2026, or as soon thereafter as counsel may be heard, I shall appear before the Presiding Judge sitting in his/her stead, usually occupied by him/her in Cook County, Illinois and then and there review **MOTION TO SUPPRESS THE FIREARM** in the above-entitled case number.

/s/ Ari Williams

ARI WILLIAMS
Attorney for **JORDAN FOX**

## PROOF OF SERVICE

The undersigned certifies that I caused to be served the foregoing Notice was tendered via **EMAIL** to the person named above on April 3, 2026.

/s/ Ari Williams

ARI WILLIAMS
Attorney for **JORDAN FOX**

**ARI WILLIAMS LAW, LLC**
**Cook County Bar #64060**
2150 S. Canalport Ave
Chicago, IL 60608
ari@ariwilliams.com
Phone: (312) 504-7640

9