UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ARDARIES HARRIS,
JORDAN FOX,
ROOSEVELT VEAL, and
XAVIER HARRIS

Case No. 24 CR 236

Judge Andrea R. Wood

## GOVERNMENT'S MOTION TO SEVER DEFENDANT ROOSEVELT VEAL FROM TRIAL

Assuming defendant Roosevelt Veal is unable to proceed to trial due to his lawyer's health issues, the government respectfully submits this motion to sever Veal from trial and proceed against the remaining three defendants—Jordan Fox, Ardaries Harris, and Xavier Harris. There is a strong public interest in proceeding to trial given the serious nature of the fifteen armed robberies or attempted robberies charged in this case, some of which involved shootings. Over a hundred witnesses have been prepared to testify, including over forty victims who have been forced to relive the trauma that the robberies caused them in the course of preparing for trial. The remaining defense lawyers have consistently represented to the Court that they are ready and prepared for trial. Accordingly, the government moves to sever Veal and proceed to trial against Fox, Ardaries Harris, and Xavier Harris. Veal has indicated, through defense counsel, that he does not oppose this motion.

1

## I.    BACKGROUND

Over the course of ten months, defendants Ardaries Harris, Jordan Fox, Roosevelt Veal, and Xavier Harris conspired to commit 15 violent armed robberies of Chicago-area stores and pubs. The defendants—disguised in dark-colored hoods, gloves, and masks—terrorized employees and customers by holding them up at gunpoint; frequently beating them, including with firearms; and in four instances, shooting at employees. The robbery spree ended only after Fox, Veal, and Ardaries Harris were arrested on charges in this case. The defendants are charged in a superseding indictment with conspiracy to commit 15 armed robberies or attempted robberies, as well as with substantive counts of robbery and brandishing and discharging firearms during and in relation to those robberies. *See* Dkt. 88.

On July 25, 2025, the Court directed the parties "to reserve the date of 6/1/2026 for a potential 5-week jury trial." Dkt. 139. On February 6, 2026—after new counsel for Ardaries Harris, Veal, and Fox had entered appearances—the Court set a trial date of June 8, 2026. Dkt. 201. At each status date since that time, in response to inquiries from the Court, counsel for each defendant has consistently represented to the Court that they would be ready and prepared for trial.

## II.    ARGUMENT

In light of the recent and unexpected change in the status of the case, and assuming Veal's attorney cannot proceed as defense counsel, Veal should be severed from the trial so that it may proceed with the three remaining defendants. This case has been pending for nearly two years and given the number of lawyers and witnesses

involved in the trial—eight defense attorneys, three prosecutors, and over a hundred witnesses—rescheduling the trial to include all four defendants may result in a delay of up to a year or more. There is a strong public interest in the prompt resolution of criminal prosecutions, especially given the serious nature of the armed robbery charges in this case. In addition, considerable resources have been expended in preparing this case for trial—both on the prosecution and defense side. Many of those efforts will have to be duplicated if the trial is continued for a lengthy period of time.

### A.     The Government's Case Would Be Unduly Prejudiced by Delay if Veal were not Severed.

If Veal were not severed, trial as to all defendants would have to be rescheduled to permit Veal time to obtain new counsel to replace his attorney. Rescheduling the trial would require accommodating the schedules of eight defense attorneys, three prosecutors, and the Court, and would likely result in a lengthy delay in bringing this matter to trial. Such a lengthy delay would unfairly prejudice the government's case, if not severed at this juncture.

While the law generally favors joint trials of codefendants, "unusual circumstances" warranting severance are present here. *See United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011) ("In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all."). The parties learned on the eve of trial—the Friday before a Monday start date—that defendant Veal's counsel would likely not be able to proceed to trial.

3

Substantial resources have been expended by the Court and the parties to prepare for trial to date. The trial date was chosen months in advance to accommodate the parties, the witnesses, and the Court's schedules. The government's expert disclosures were tendered on January 30, 2026, with the exception of the government's ballistic expert, which was tendered on February 13, 2026. The government's witness list—containing over a hundred witnesses—was filed on April 3, 2026. And over the past few months, the government has prepared approximately a hundred witnesses to testify, or potentially testify, at trial. This number includes many victims of the charged robberies. These witnesses have already had to relive the trauma of the violent robberies they endured, they are ready for trial, and they deserve to have their cases resolved and not held for an unnecessarily protracted period of time.

In addition to witness time, the Court and the parties have also spent significant time and resources preparing to start a trial on June 8. The government's motions *in limine* and Santiago proffer were filed on April 17, 2026. The parties have engaged in prolific motion practice, including motions *in limine* and motions to suppress cell site, DNA, firearm, and social media evidence. The Court held two separate pretrial conferences in this case. The Court also convened a special venire with potential jurors able to sit for a six-week period. Before the June 5 pretrial conference, all parties had consistently represented to the Court that they were ready and prepared to proceed to trial on June 8, 2026.

There is also a strong public interest in proceeding to a prompt trial in this case. Each of the fifteen robbery offenses identified in the superseding indictment had multiple victims. Those victims have been waiting over two years for justice. Several of the victims were shot, shot at, pistol whipped, kicked, or hit in the course of the robberies. In several instances, the victims were told that if they did not comply with the robbers' demands, they would be shot or killed. These were violent crimes that caused the victims to fear for their lives. These serious crimes demand prompt resolution. Indeed, the Speedy Trial Act recognizes not only a defendant's right to a prompt trial, but the public's right as well. "As both the 1974 House and Senate Reports illustrate, the Act was designed not just to benefit defendants but also to serve the public interest . . . ." *Zedner v. United States*, 547 U.S. 489, 501-02 (2006); *see also* S.Rep. No. 96–212, at 29 (noting Speedy Trial Act's "emphasis" on a "societal right" to prompt trial).

While the Court previously denied Veal's motion for severance, that motion was filed on an entirely different basis, and under very different circumstances. On June 29, 2025—almost a year ago—Veal filed a motion seeking to sever his coconspirator Xavier Harris from the superseding indictment and have two different juries address the charges against Veal and Xavier Harris. Dkt. 129. Veal argued that he would be unduly prejudiced from proceeding to a joint trial with Xavier Harris because the two defendants had antagonistic defenses. The Court appropriately denied Veal's motion, and held that "Xavier's defense does not appear to be mutually antagonistic with Veal's," and that even if it was, "Veal has not shown that any of his

5

trial rights will be impaired by a joint trial with Xavier." Dkt. 162 at 2-3. At the time Veal sought a severance, all four defendants were ready and willing to proceed to trial. The government's preference at the time—a preference supported by the case law—was for a joint trial of all four defendants.

The situation now is entirely changed. Pretrial motions have been filed and ruled on. Witnesses have been prepared. Exhibits have been identified. At the final pretrial conference on Friday, June 5, 2026—with trial scheduled to start the following Monday, June 8—one of two lawyers representing Veal informed the Court that he had recently learned of serious health issues which might prevent him from representing Veal at trial. The lawyer stated he would have further information by the following Tuesday, June 9. The Court informed the parties that it would continue with its plan to bring in the jury venire on Monday, June 8, and await further information from counsel. On Monday, June 8, 2026, co-counsel for Veal informed the Court that it was highly unlikely that Veal's second lawyer would be available to try this case for the foreseeable future.

Further delay of the case as to Veal may be inevitable, but the public's interest in prompt resolution of the case against the remaining three defendants remains strong. In sum, the case is in a different situation than it was a year ago when Veal filed his motion for severance, and, consequently, the government now seeks to proceed to trial with the remaining three defendants. And if Veal is severed from trial, a second trial against Veal alone would be considerably streamlined. Moreover,

6

should the government obtain convictions against Aradaries Harris, Fox, and Xavier Harris in the first trial, Veal may reconsider his plan to proceed to trial.

## B. The Remaining Three Defendants Would Not Be Prejudiced by Severance

While the government's case would be significantly prejudiced by delay, there is no prejudice to the remaining three defendants from proceeding to trial as planned. All three defendants and their lawyers have represented to the Court for months that they are ready and prepared to proceed to trial in June 2026. The severing of defendant Veal does not change that calculus. Indeed, the defendants also have an interest in the timely resolution of the charges against them—and earlier in the case, defendants Fox, Veal, and Ardaries Harris demanded a speedy trial. *See* Dkt. 130 (Veal's Motion for Speedy Trial). Moreover, should the case proceed against defendants Fox, Veal, and Ardaries Harris, the government would move to strike from the indictment, and its evidence, the Super Saving Food robbery, which was committed by Veal and another coconspirator. Striking this robbery would streamline the issues and evidence at the trial of the remaining three codefendants. Finally, the proof against each defendant includes individualized evidence involving their cell site location data, DNA, and certain items of robbery clothing, among other evidence. This evidence and the defenses against it would presumably remain the same regardless of whether Veal was tried jointly with his three codefendants or separately.

7

## C. Xavier Harris Should Not Be Severed

Xavier Harris seeks to hire retained counsel, which would effectively require a continuance of trial. This motion should be denied as untimely and as lacking an adequate basis. There is accordingly no need to sever Xavier Harris from trial.

At the first pretrial conference on May 26, 2026, Xavier Harris informed the Court that he wished to withdraw his speedy trial demand and that he had not received all of the discovery from his lawyers, Holly Blaine and James Vanzant. Two weeks later, at the second pretrial conference on June 5, 2026, Xavier Harris stated he wished to obtain new counsel. At a hearing to address Xavier Harris's motion for substitute counsel on June 8, 2026, Xavier Harris informed the Court that he wanted his current lawyers to file certain pretrial motions which they refused to do, and that he wanted a 30 to 60 day continuance of trial in order to hire retained counsel. Counsel stated that they had met with Xavier Harris for a total of 35 hours, and that they had explained to Xavier Harris why the case law did not support the motions he wished them to file. The Court also had an extended *ex parte* colloquy with Xavier Harris and his counsel to probe whether the conflict had resulted in a total breakdown of communication between Xavier Harris and his lawyers, and determined that it had not. *See United States v. Smith*, 108 F.4 506, 511 (7th Cir. 2024) (in reviewing denial of motion for substitute counsel, the court "consider[s] such factors as the timeliness of defendant's motion, the adequacy of the district court's inquiry into the motion, and whether the conflict resulted in a total breakdown of communication preventing an adequate defense").

Because Xavier Harris's counsel has competently represented him and there has been no breakdown in communication between him and counsel, his motion for substitute counsel appears to be simply an attempt to delay the trial, and should be denied. *See, e.g., United States v. Cross*, 962 F.2d 892, 898 (7th Cir. 2020) (affirming denial of motion to substitute counsel). There is accordingly no need to sever Xavier Harris from trial.

## III.   CONCLUSION

For the reasons discussed above, the government respectfully submits that the Court should grant its motion to sever defendant Veal from trial.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   */s/ Emily C.R. Vermylen*
EMILY C.R. VERMYLEN
STEPHANIE STERN
JALAN JASKOT
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
312-353-5300